IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| ARTHUR D'AMARIO, III | § | |
| VS. | § | CIVIL ACTION NO. 1:08cv621 |
| JOHN B. FOX | § | |

MEMORANDUM OPINION AND ORDER

Plaintiff Arthur D'Amario, III, an inmate formerly at the Federal Correctional Complex in Beaumont, Texas, proceeding *pro se*, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Discussion

A final judgment was previously entered in the above-styled action on October 14, 2010, dismissing the petition without prejudice. The dismissal was without objection by the petitioner.

Petitioner has filed a motion for reconsideration of the judgment, asserting that his objections must have been destroyed by prison officials. Petitioner explains that the institution was on lock-down status when his objections were due, and he did not have direct access to the mail system. Thus, plaintiff states he handed the objections to the prison official in his housing area to be mailed to the court.

A review of the docket in this action reveals that petitioner did file objections which were not docketed prior to the final judgment dismissing the petition. The objections, however, were docketed as of the same date as final judgment, only after the final judgment had been entered. This memorandum opinion and order considers such motions.

Analysis

FED. R. CIV. P. 59 provides in pertinent part the following:

(a)(1) ***Grounds for New Trial.*** The court may, on motion, grant a new trial on all or some of the issues - and to any party - as follows:

    (A)    after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court; or

    (B)    after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court.

(2) *Further Action After a Nonjury Trial.* After a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment.

(b) **Time to File a Motion for a New Trial.** A motion for a new trial must be filed no later than 28 days after the entry of judgment.

. . . .

(e) **Motion to Alter or Amend a Judgment.** A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.

Here, petitioner's motion was filed within 28 days after the entry of judgment. Thus, he is entitled to review of the court's order. After careful consideration of plaintiff's motion to alter or amend judgment, the court is of the opinion that same should be granted to allow the court to consider petitioner's objections to the Report and Recommendation entered by the magistrate judge.

## ORDER

For the reasons set forth above, plaintiff's motion for relief should be granted. It is therefore

**ORDERED** that plaintiff's motion to alter or amend judgment is **GRANTED**. The Clerk of Court is **DIRECTED** to reinstate the above-styled action on the court's active docket.

**SIGNED** this the **21** day of **September, 2011.**

_____
Thad Heartfield
United States District Judge